Gretchen G. LEININGER, Plaintiff,

v.

The INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, Defendant.

No. 19048.

Supreme Court of Utah.

Oct. 17, 1983.

Gretchen G. Leininger, pro se.

K. Allan Zabel, Sp. Asst. Atty. Gen., Salt Lake City, for defendant.

PER CURIAM:

In this case, the Board of Review acquiesces in the position taken by plaintiff that the evidence in the record does not support its decision terminating plaintiff's unemployment benefits under U.C.A., 1953, § 35–4–5(g).

Plaintiff is a registered nurse, and was employed by St. Mark's Hospital in Salt Lake City from July 1, 1975, to January 19, 1982, when she was discharged. She had been working a shift from 3:00 p.m. to 11:00 p.m. during the last year of her employment. Plaintiff applied for and received unemployment compensation until September 26, 1982. She had enrolled in the University of Utah during the fall quarter of 1982 for two courses and began attending classes from 11:00 a.m. to 1:00 p.m. for five days during the week, beginning September 27, 1982. Plaintiff obtained full-time employment as a nurse on November 29, 1982, again working the 3:00 p.m. to 11:00 p.m. shift, and continued her classes while working full-time.

The Board terminated plaintiff's unemployment benefits under U.C.A., 1953, § 35–4–5(g), having determined that plaintiff did not qualify under any of the exceptions in that section. In doing so, the Board failed to follow the Commission's general Rules of Adjudication, Able and Available, § 40, which provides in part:

> The important factor to bear in mind is the evidence of school attendance and work history must clearly demonstrate that the claimant is primarily a member of the work force and only secondarily a student.

> Whenever a claimant begins school attendance after becoming unemployed, he/she is under the same obligation to show that the hours of school attendance would not require any rearrangement of his/her regular working hours in order to accommodate the school attendance.

The evidence clearly shows that plaintiff's hours of school did not require any rearrangement of her regular working hours in order to accommodate school attendance, and that she is primarily a member of the work force and only secondarily a student.

In acquiescing in plaintiff's position, the Board requests this Court to reverse its decision and remand the case for the purpose of allowing plaintiff benefits for the period beginning September 26, 1982, and ending November 28, 1982. So ordered.